UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN TRILLO, | No. 2:15-cv-0566 GEB KJN P |
| Petitioner, | |
| v. | ORDER & FINDINGS & RECOMMENDATIONS |
| ERIC ARNOLD, | |
| Respondent. | |

Introduction

    Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss.  (ECF No. 14.)  For the reasons stated herein, the undersigned recommends that respondent's motion be granted on grounds that petitioner's claims are barred by the statute of limitations.

    In response to the motion to dismiss, on July 6, 2015, petitioner filed a pleading titled, "Motion to Defer Ruling Pending a Receipt From Petitioner of a Traverse..." (ECF No. 15.)  In this pleading, petitioner addresses the merits of respondent's motion.  (Id.)  Petitioner also requests that the court defer ruling on respondent's motion pending "a receipt of a traverse."  (Id. at 3.)  It appears that petitioner is requesting that the court deny the motion to dismiss and

consider the merits of his claims, which would require the filing of an answer and traverse. Because petitioner has addressed the merits of respondent's motion, the undersigned construes petitioner's July 6, 2015 pleading as an opposition.

Petitioner's Claims for Relief

In his opposition, petitioner has clarified the grounds for relief in the petition. Petitioner's argument appears to be that in 1977, California changed from the Indeterminate Sentencing Law ("ISL") to the Determinate Sentencing Law ("DSL"). See In re Neal, 114 Cal.App.3d 141, 144 (1980). The DSL provided that all prison sentences, including those previously imposed under the ISL, would now be for a fixed term of imprisonment and a specific parole release date would be set. (Id., citing Cal. Penal Code § 1170.2(a)).

In the petition, petitioner cites Chatman v. Marquez, 754 F.2d 1531, 1533 (9th Cir. 1985), where the petitioner had been sentenced to life without the possibility of parole under the ISL. In Chatman, the Ninth Circuit observed that "[e]ffective in 1977, the state legislature adopted a determinate sentencing law ("DSL") that entitled Chatman to parole consideration." Id., citing Cal. Penal Code § 1170.2. Citing Chatman, petitioner apparently argues that because he was sentenced to life without the possibility of parole under the ISL, he is entitled to parole consideration under the DSL.

In the California Court of Appeal and the California Supreme Court, petitioner argued that his failure to receive parole consideration violated the Ex Post Facto Clause. (ECF No. 1 at 4-5.) Petitioner also appears to be raising a due process claim.

Discussion

*Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was

1 removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was
2 recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and
3 made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have
4 been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). The time during
5 which a properly filed application for state post-conviction or other collateral review is pending is
6 excluded from the one year time limit. Id., § 2244(d)(2).

7       The AEDPA's one year time limit did not begin to run against any prisoner before the
8 date of the Act's enactment. Calderon v. United States District Court (Beeler), 128 F.3d 1283,
9 1287 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District
10 Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). A prisoner with a state conviction
11 finalized before April 24, 1996, therefore, had until April 24, 1997, to file a federal habeas
12 petition on time. Patterson v. Stewart, 251 F.3d 1242, 1246 (9th Cir. 2001).

13       In 1984, petitioner was convicted of two counts of first degree murder and sentenced to
14 life without the possibility of parole. (ECF No. 14-1 at 5.) In 1984, petitioner was also convicted
15 of five counts of burglary, two counts of robbery and one count of grand theft. (Id. at 3-4.) In
16 1986, petitioner was also convicted of being a prisoner in possession of a weapon. (Id. at 7.)

17       Respondent argues that because petitioner's convictions became final prior to enactment
18 of AEDPA, he had until April 28, 1997, to file a timely federal petition. Neither respondent nor
19 petitioner has informed the court of the actual date petitioner's convictions became final.
20 However, because petitioner's relevant convictions occurred in 1984, it is reasonable to infer that
21 his convictions were final prior to the enactment of AEDPA in 1996.[1] Therefore, the instant
22 petition is not timely unless petitioner is entitled to statutory or equitable tolling.

23       In the petition, petitioner states that on August 14, 2014, the California Court of Appeal
24 denied his first state habeas petition raising the claims contained in the instant petition. (ECF No.
25 1 at 4.) On December 10, 2014, the California Supreme Court denied his next state habeas
26 petition. (Id. at 5.) As observed by respondent, because petitioner did not begin the state habeas

---

[1] The undersigned has conducted a Westlaw search and cannot locate any California or federal case addressing petitioner's convictions.

process until well after the expiration of the one year AEDPA statute of limitations, he is not entitled to statutory tolling. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

In his opposition, petitioner argues that the facts "could not have been discovered earlier through the exercise of due diligence." (ECF No. 15 at 2.) "[A] litigant seeking equitable tolling bears the burden of establishing two elements:  1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Petitioner does not describe the facts he only recently discovered in support of the claims raised in the instant petition.  However, it is clear that petitioner could have discovered the facts supporting his claims much sooner had he exercised due diligence. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) ("Time begins [under AEDPA] when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.").  Petitioner has not demonstrated that he is entitled to equitable tolling.

For the reasons discussed above, respondent's motion to dismiss on grounds that this action is barred by the statute of limitations should be granted.

*Alleged Failure to State A Cognizable Claim*

Respondent argues that even assuming petitioner's claims are not timely, he is not entitled to relief because petitioner challenges the interpretation of a state law, which he may not do in a federal habeas proceeding.

The undersigned agrees with respondent that a claim for alleged error in the interpretation or application of state law is not cognizable in federal habeas. See Estelle v.McGuire, 502 U.S. 62, 67-68 (1991).  However, whether petitioner's claims challenge only the alleged interpretation of state law requires more discussion of the merits of the claims by the parties.[2]  See Lateef v. Horel, 2009 WL 421325 (N.D. Cal. 2009) (discussing merits of claims alleging violations of due

---

[2]  It is also not clear whether California Penal Code § 1170.2, on which petitioner's claims are based, is even applicable to petitioner.  Petitioner challenges convictions that occurred in 1984. (ECF No. 14-1 at 5.)  California Penal Code section 1170.2 applies to offenses committed prior to enactment of the DSL in 1977.  Neither party has informed the court when petitioner committed the offenses that resulted in the 1984 convictions.  If petitioner committed his offenses after enactment of the DSL in 1977, then § 1170.2 is not applicable and petitioner's claims are without merit.

process and the Ex Post Facto clause based on application of California Penal Code § 1170.2.) Because the parties have not adequately addressed the merits, the undersigned declines to find that petitioner has raised claims challenging the interpretation of state law only.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to defer ruling (ECF No. 15) is construed as an opposition to the motion to dismiss; and

IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 14) be granted on grounds that petitioner's claims are barred by the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 24, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Tr566.157